SKILLMAN *vs.* LEVERICH ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, THE LATE JUDGE THEREOF PRESIDING.

A party cannot complain of the introduction, by his adversary, of his own letters in evidence, as rebutting testimony ; they are the best evidence which can be offered against him.

A party who is surprised by unexpected evidence, although he cannot object to it, will be relieved on his affidavit, upon an application for a new trial.

This is an action to recover a balance due, in the hands of the defendant, for sales of cotton bagging, bale rope, &c.

The plaintiffs allege, that in October, 1825, one James Armor, *consigned to the defendant, a commission merchant* residing at Bayou Sarah, in the parish of West Feliciana, a quantity of bagging, bale rope, and twine, to sell on commission; that on the 9th of December following, Armor transferred to the plaintiffs all his interest and right to the proceeds thereof, for a valuable consideration, of which the defendant had due notice; and on the 20th of the same month, acknowledged notice of the transfer, and transmitted to the plaintiffs an account of sales, amounting to two thousand four hundred and ten dollars, which he promised to pay over when collected.

They further show, that the defendant undertook to collect the debts arising from said sales, and took promissory notes, bearing interest at the rate of ten per cent., but has never accounted for the collection, or disclosed the names of the debtors, or paid over the proceeds, as he was bound to do; that he has, in fact, collected, and never accounted for, or otherwise made himself liable for the entire amount of said sales, for which they pray judgment, with ten per cent. interest.

The defendant admitted the consignment by Armor, but that he had faithfully discharged his trust, by paying to Armor, or the plaintiffs, by his order, the proceeds of the articles as they came to his hands.

He then annexes an account with the plaintiffs', in which he admits a balance due of one hundred and sixty-nine dollars, and avers, that if the plaintiffs are satisfied with it, he is willing to be governed by it; that if it is not accepted, he reserves to himself a full defence against the whole demand. He then pleads prescription.

Upon these pleadings, the cause was tried before the court and a jury.

Testimony, both oral and written, was introduced on both sides, to establish the demand on the one part, and the defence on the other. After the defendant had closed his

testimony, the plaintiffs offered in evidence, three letters of the defendant, written in relation to this transaction and claim, to rebut all the testimony he had offered.

The defendant's counsel objected to the admission of this testimony, on the ground that it was not rebutting evidence, but introduced other matters, and took the defendant by surprise, without an opportunity of explaining it.

The letters were admitted, and the decision of the court excepted to.

This suit was instituted the 18th of December, 1831.

The jury returned a verdict on the whole issue and evidence, of seven hundred and ninety-four dollars and fifty cents, for the plaintiffs, with legal interest from the commencement of suit.

The defendant moved for a new trial, on the ground that the court admitted illegal and improper evidence, and that the verdict is for too large a sum. This motion was overruled, and from judgment confirming the verdict, the defendant appealed.

*A. N. Ogden,* for the plaintiff.

*Turner* and *Johnson, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiffs state, that Armor sent to the defendant for sale, on his account, a quantity of bagging, bale rope, and twine; and being indebted to the plaintiffs, he transferred to them his claim on the defendant for the net proceeds of these goods ; and he, having received notice of this transfer, transmitted to the plaintiffs an account of sales, which is the basis of the present suit.

The defendant pleaded, that he had fully paid to Armor, or to the plaintiff, by the order of Armor, whatever was in his hands from the sale of the above goods ; and prescription. There was a verdict and judgment against him, and he appealed, after an unsuccessful attempt to obtain a new trial. Our attention is first drawn to a bill of exceptions taken by

EASTERN DIST.
February, 1838.

SKILLMAN
vs.
LEVERICH ET AL.

his counsel to the opinion of the court, overruling his objections to the introduction in evidence of certain letters of his, offered in order to rebut his own testimony, on the ground that they afforded no rebutting evidence, and were introductory of new matter ; that the defendant was taken by surprise, and could have destroyed the effect of these letters, if he had known that they were to have been introduced.

A party cannot complain of the introduction, by his adversary, of his own letters in evidence, as rebutting testimony. They are the best evidence which can be offered against him.

A party who is surprised by unexpected evidence, although he cannot object to it; will be relieved on his affidavit, upon an application for a new trial.

It appears to us, that the court did not err. The party's own letters are the best evidence which can be offered against him, and that of which he has the least reason to complain.

A party who is surprised by unexpected evidence, although he cannot object to it, will be relieved on his affidavit, upon an application for a new trial. The defendant does not appear to have sought redress in this way.

On the merits, the plaintiff's claim was established. The defendant complains that he was not allowed a deduction for certain items of the account, which he was not able to collect ; and for a payment alleged to have been made to Armor. It does not appear to us that the jury erred in disallowing the deduction claimed. The defendant introduced no proof of any effort to collect the sums which he alleged to have been lost ; and the testimony by which the alleged payment was attempted to be proven, was, in our opinion, correctly considered by the jury as unsatisfactory.

The plea of prescription is unsupported.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.