W. S. DONNELL *v.* W. H. PARROTT & WIFE.

Where plaintiff applied for a new trial, on the ground that the introduction of his letters and ac-count sales, to prove facts specially pleaded, of which facts those letters and accounts were the best and most direct evidence, had taken him by surprise, *Held*: that the new trial was properly refused.

APPEAL trom the District Court of St. Landry, *Dupré*, J.
     *J. E. King*, for plaintiff and appellant.   *Martel & Hardy*, for defend-ant.

BUCHANAN, J.   This case is before us upon a reconventional demand of *Mrs. Parrott* for cotton (181 bales) sold by plaintiff, as factor, and the proceeds of

which he has not paid over. The judgment of the court below is in favor of Mrs. *Parrott* for $6,836, based upon account sales of 60 bales, of date January 19th, 1854, of 80 bales, of date 25th February, 1854, and an acknowledgment of plaintiff in a letter dated 20th February, 1854, of the receipt of 41 bales per steamboat Red River, of which he does not appear to have ever fur_ nished an account.

The objections made by appellant to the judgment of the District Court are two-fold:

1st. That *Mrs. Parrott* only claimed a judgment against him for $1,000, and cannot recover more than she demanded.

2d. That it is not proved the cotton sold and received by him, as proved by his account sales and letters, was *Mrs. Parrott's* cotton, the correspondence being carried on with *Mrs. Parrott's* husband.

I. It is true that *Mrs. Parrott* alleges an indebtedness of plaintiff to her in the sum of one thousand dollars; but this is stated in her pleadings as the balance due her by plaintiff upon cotton sold by him for her, after crediting him with the amount of two mortgage notes of *Mrs. Parrott*, supposed to have been held by plaintiff; and the plea of *Mrs. Parrott* concludes in these words: "Now this respondent prays that the court will decree the said mortgage, with the notes it was intended to secure, to be cancelled, annulled and void, and that the premises considered, she may have judgment for such balance as may be found due to her, after adjusting the account, and that she may have such other relief as to justice and equity may seem best."

The District Judge considered that the proof in the cause did not establish that plaintiff was the holder of *Mrs. Parrott's* notes at the time he sold her cotton, and consequenetly did not allow the notes as a credit, or partial payments, in account current; but under the prayer for an adjustment of the account and for general relief copied above, gave judgment for the whole net proceeds of the cotton, taking the sales of that portion of which account sales have been rendered, as a guide in estimating that portion of which no account has been rendered. In so doing, we do not find that the Judge has allowed more than has been demanded.

II. The answer and plea of *Mrs. Parrott* allege that she had a large estate in lands and slaves at the time of her marriage, the control and management of which were secured to her by marriage contract; and that there were shipped to plaintiff more than one hundred and eighty bales of cotton raised on the lands and cultivated by the slaves of *Mrs. Parrott*. In support of these allegations the marriage contract and other documentary proof having been first offered, by which it was established that *Mrs. Parrott* had a separate estate, the letters and accounts of plaintiff, were next offered and received without any objection or reservation, to establish that her crops had been shipped to plaintiff, and received and sold by him.

In an application for a new trial, the plaintiff complains that he was taken by surprise by the effect given to these documents by the District Judge. The Judge properly refused the new trial. It is out of the question to pretend that the plaintiff could have been surprised by the introduction of his letters and account sales to prove the facts specially pleaded, of which facts those letters and accounts were the best and most direct evidence. The *obiter dictum* of Judge Martin in *Skillman* v. *Leverich*, is too broadly worded, and cannot, at all events, control the present case.

Donnell
v.
Parrott.

The judgment of the District Court has done justice between these parties. There is strong reasons for believing, although the fact is not positively proved, that plaintiff was the holder of notes of *Mrs. Parrott* secured by mortgage, to an amount nearly equal to the net proceeds of these cottons at the time he sold them. He has chosen, as the evidence shows, to use these notes in the purchase of a steamboat, instead of applying them to the extinguishment of his indebtedness to *Mrs. Parrott* in account current. The plaintiff has no reason to complain that the account should now be closed in a mode of his own choice.

Judgment affirmed, with costs.