## S. J. BAIR *v.* I. P. ABRAMS AND WIFE.

The written admission of a party of the fact that he had made a verbal sale of a slave to another, is primary evidence, and makes legal proof of title to the property.

Where a sale is made with the right of redemption, the right must be exercised within the time agreed on, otherwise the purchaser becomes irrevocably possessed of the thing sold. C. C. 2548.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

*A. T. Steele* and *J. B. Lyman*, for plaintiff and appellant. *Clarke & Bayne* and *Drouet & Charvet*, for defendants.

VOORHIES, J. This is the second appeal which has been taken in this case.

In the former, the ruling of the Judge *a quo* was held to be erroneous in refusing the defendants a continuance to enable them to prove the fact, as set forth in their affidavit, " that the plaintiff's title to the slave in dispute had

been conveyed, by act under private signature, to *George W. Gooche*, prior to June, 1852."

On remanding the case, no attempt appears to have been made by the widow *Bushey* to call her vendor, *Joseph T. Calhoun*, in warranty; neither does it appear that *Gooche* has ever been notified of this suit.

The defendants derive their title from *Gooche*. On the hypothesis that the evidence warrants the conclusion, that the slave in question was in the plaintiff's possession as owner in January and February, 1852, and was brought hither by him from Texas, as alleged in his petition, it remains then to be ascertained whether or not his title has ever been legally conveyed to *Gooche*. In proof of the divestiture, the defendants introduced a power of attorney under private signature from the plaintiff, to a certain *B. T. Houghton*, dated the 9th of June, 1852, and a letter from the plaintiff to *Pickett, Perkins & Co.*, dated 17th July, 1852. The mandate or procuration contains the following clause: "And to prevent the sale of a negro woman named *Mary*, sold by me to one *George W. Gooche* for the space of twelve months, for six hundred dollars; as there is a special contract and agreement between the said *G. W. Gooche* and myself, that the said slave is not to be sold to any one within twelve months, and only to myself, and for the amount of six hundred dollars, being the purchase money," &c. In his letter, the plaintiff declares:

"Moreover I will state to you, that I sold a light colored girl named *Mary Sneed* to a *Mr. Gooche;* the girl I was to have back at the same price which she was sold for, which was six hundred dollars, when I returned from California, or at the expiration of twelve months."

On the trial below, the plaintiff objected to this evidence on the ground that, if offered to prove a verbal sale from him to *Gooche* of the property in question, it was inadmissible, as such a sale was null and not susceptible of proof; and if offered to prove a written sale of said property, it was equally inadmissible as secondary evidence, the sale itself as the best should be offered, unless shown to have been lost or destroyed, or its production shown to be out of the power of the party.

The objection, it appears to us, could only go to the effect and not the admissibility of the evidence. As a general rule, it is true the law requires literal proof of title to immovables or slaves, but a verbal sale of such property, accompanied by actual delivery, and proved as required under Article 2255 of the Civil Code, is no less binding on the parties. The written admissions of a party of the existence of a verbal sale of such property, ought certainly to be as binding upon him as that which is elicited from him when interrogated on oath under that Article. But in the present case it seems to us, that the evidence objected to is primary and not secondary, making legal proof of title to the property in controversy. *Millaudon* v. *Police Jury*, 8 N. S. 133; *Millman* v. *Leverich*, 11 La. 520.

The contract then between *Bair* and *Gooche* is shown to be a sale with the right of redemption (la faculté de réméré ou de rachat), which rested solely on the will of the former to dissolve it, by offering to repay the price and redeem the property. *Patterson* v. *Roman*, 14 La. 214. "If that right has not been exercised, within the time agreed on, by the vendor, he cannot exercise it afterwards, and the purchaser becomes irrevocably possessed of the thing sold." C. C. 2548. In the present case, as the stipulated term has long since expired, it is clear that the right of redemption can no longer be exercised.

Judgment affirmed.