### No. 6686.

STATE EX REL. HOEY & O'CONNOR vs. J. G. BROWN, ADMINISTRATOR OF ACCOUNTS.

It is the duty of the judge of the lower court to fix the return day of an appeal, and if a wrong day is fixed by him, the appellant will not be prejudiced thereby.

Merely submitting to the execution of a judgment by the sheriff, is not such an acquiescence in the judgment as will debar the party cast from taking a devolutive appeal.

No *ex parte* statement, or motion, by one of the parties to a suit, made in the court below, can impair the other party's right of appeal.

A public officer who has done a certain act he was ordered to do, by a decree of court in a mandamus proceeding, may take a devolutive appeal from the decree, when the act done in obedience to the decree is susceptible of being effectively undone.

APPEAL from the Third District Court, parish of Orleans. *Monroe,* J.

*B. F. Jonas,* City Attorney, for defendant and appellant.

*Hornor & Benedict,* for plaintiff.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

SPENCER, J. Relators proceeded by mandamus to compel the defendant to register a certain judgment obtained by them against the city of New Orleans, and to issue them thereon certain cash warrants.

Upon trial the mandamus was made peremptory. Thereupon the defendant applied for and obtained an order for a suspensive appeal without bond, under the act exempting the city of New Orleans from giving bond. On motion we dismissed that appeal, holding that the city of New Orleans was alone entitled to said exemption, and that the city was no party to this suit.

On motion of relators, in the court below, and on suggesting that said suspensive appeal had been dismissed, and that said decree was now

final, and further that the defendant refused to obey the mandamus, it was on first May 1877 ordered that defendant show cause why he should not be punished for contempt.

On same day defendant answered stating that he had complied as far as possible with the mandate and registered the judgment, etc. On fifteenth May 1877 the defendant applied by petition for a devolutive appeal, which was granted on bond and made returnable on first Monday of June 1877. On twenty-first May 1877 on motion of relators and on suggesting that a compromise had been effected herein, it was ordered that satisfaction of the decree be entered of record. This order appears to have been rendered *ex parte* by the court *a qua.* That devolutive appeal is now before us. The record thereof was filed in this court thirty-first May 1877.

Relators move to dismiss on the grounds

First—That by act forty-five of 1870, extra session, regulating appeals, it is provided, "all appeals from the parish of Orleans *- * * shall be returnable on the first and third Mondays of each month of the session" of the Supreme Court. That by law the session of said court at New Orleans ends on the last of May and that therefore an appeal taken on fifteenth May should have been returnable on the first Monday of November.

The law imposes on the judge the duty of fixing the return day, and the appellant can not be prejudiced by his mistakes. If the first Monday of November instead of June was the proper return day—the court not being in session at the latter date—and if the appeal was filed in this court before either day arrived, we can not surely accuse the appellant of want of diligence and see no possible injury to appellee.

Second—The second ground of dismissal is that the defendant has compromised the judgment and acquiesced therein as shown by relators' motion and the order entering satisfaction.

A judgment is rendered, suspensive appeal taken and dismissed, execution issues and satisfaction of judgment obtained by legal process ! Defendant takes a devolutive appeal and is met with the objection that he can not appeal, that the judgment has been satisfied ! The case before us is even stronger. The defendant had to satisfy the judgment or go to jail. There is not here the acquiescence which the law contemplates. It must be the voluntary act of the debtor. Besides the *ex parte* statement in relators' motion, filed after the appeal, can not be noticed. If the right to a devolutive appeal can be thus defeated, it would be, in most cases, a delusion and a snare.

Third—The third ground is that a devolutive appeal will not lie from a decree granting a mandamus; and we are referred to the case of the "State ex rel. Clay vs. Johnson, Auditor" (not reported yet) wherein it

NEW ORLEANS, DECEMBER, 1877.                863

State ex rel. Hoey & O'Connor vs. Brown.

seems some doubt was expressed by this court as to defendant's right to such appeal in such cases. Whatever doubts may have been suggested or expressed in that case or any other, we have no doubt of the existence of the right in the present case.

The defendant is a public officer, charged with responsible duties, and under heavy bonds to the city for the faithful performance thereof. He has been ordered to register a certain judgment against the city, and compelled to issue to relators certain warrants for money. He has a right to protect himself, his sureties and the city from this decree if erroneous. If it were manifest that the appeal would be a vain thing, because the things done in execution of the judgment were of a nature not to be undone—were of a nature that once accomplished they could not be relieved against, perhaps it would be true to say no devolutive appeal would lie, for courts are instituted to grant relief and enforce rights, and where these purposes are not attainable they would properly decline to enact a farce. But in the case before us, if we find the decree appealed from to be wrong, we can reverse it, and the city could cause the registry to be canceled and recover back the warrants or money paid.

The motion to dismiss is overruled.