## No. 8006.

## L. ROMBACH VS. THE PIEDMONT & ARLINGTON LIFE INSURANCE CO.

A son-in-law has not an insurable interest in the life of his mother-in-law.

When the insurable interest arises or is implied from relationship, it will be held to exist when the relationship is such that the insurer has a legal claim upon the insured for services or for support.

Even where such legal claim does not exist, but from the personal relations of the insurer and the insured, the former has a reasonable right to expect some pecuniary advantage from the continuance of the life of the latter, or to fear loss from his death, an insurable interest will be held to exist.

A policy of insurance, procured by one for his own benefit upon the life of another, the beneficiary being without interest in the continuance of the life insured, is against public policy and therefore void.

APPEAL from the Third District Court for the Parish of Orleans. *Monroe, J.*

*A. & W. Voorhies* for Plaintiff and Appellant.

*Singleton & Browne* for Defendant and Appellee.

The opinion of the Court was delivered by

MANNING, J. The plaintiff insured the life of his mother-in-law in the defendant Company in February, 1873, for two thousand dollars, the policy reciting that it is issued " for the sole use of her son-in-law, L. Rombach." His wife, the daughter of Eliza Geisler, had died leaving two children of tender years. Mrs. Geisler had insured her own life a month before in this Company for the benefit of two of her own children, for the same sum as this policy.

The agent of the Company sought Rombach, and told him of the policy Mrs. Geisler had taken, and asked if he did not want to take another, to which Rombach answered approvingly, provided the consent of Mrs. Geisler was not necessary. He avowed his object to be the benefit of his only child, one of them having died. The agent assured him it was of no consequence whether she consented or not, provided he paid the premiums promptly.

The first quarterly premium of $22.86 was paid on the spot. Mrs. Geisler soon heard of the matter, and on March 20 she wrote to the Company expressing strong disapproval, and exhibiting bad feeling to her son-in-law, and demanding the cancellation of the policy. On the next day the agent, by direction of the Company, offered to pay back the premium to Rombach and demanded the return of the policy for cancellation. Rombach refused to receive the money, and denied the Company's right to cancel the policy, whereupon the Company cancelled it, and notified both Rombach and Mrs. Geisler thereof.

Thereafter, Rombach on each quarter-day tendered the premium then payable on this policy to the Company, until Mrs. Geisler's death in December, 1877, and the Company refused to receive it.

The defendant pleads in answer that the policy is void because obtained through false and fraudulent representations of Rombach, viz., that he applied personally to the Company for the policy, requesting its issuance, and represented that his mother-in-law desired the policy to be taken by him. We do not believe that. Rombach's plain, unvarnished statement is given already, and it is so perfectly in accord with the habit of insurance agents that it carries home conviction of its accuracy.

The additional defense is that the policy is " void for want of interest and consideration—that there was no love and affection between the assured and the beneficiary," and that he had not " such interest as the law requires to maintain such a policy."

The phraseology of this first quotation from the answer, as well as the interrogatories to all the witnesses, implies that the personal relations of the parties—their affection or hatred—is conceived to be the test of insurable interest. They do not affect it all. Much time was wasted on both sides in exhibiting Mrs. Geisler's antipathy to her son-in-law at one time, and her reconciliation to him at another.

The insurable interest in the life of another is a pecuniary interest. A policy of insurance, procured by one for his own benefit upon the life of another, the beneficiary being without interest in the continuance of the life insured, is against public policy and therefore void. It is thoroughly settled, because universally held, that a wife has an insurable interest in the life of her husband, and although in that case especially it might be assumed that love and affection furnished a sufficient basis for it, the decisions do not place it on that ground, but rather on the support she is entitled to from him. The Books formulate the general principle somewhat in this way : when the insurable interest arises, or is implied from relationship, it will be deemed to exist when the relationship is such that the insurer has a legal claim upon the insured for services or support. Even though such legal claim does not exist, yet where from the personal relations of the two, and the kindness and good feeling displayed by the insured to the insuree, the latter has a reasonable right to expect some pecuniary advantage from the continuance of the life of the former or to fear loss from his death, an insurable interest will be held to exist. Bliss' Life Ins., § 31 ; May's Life Ins., §§ 74, 106.

It was said in Phenix Mut. Life Ins. Co. vs. Bailey, 13 Wall. 616, " it is sufficient to shew that the policy is not invalid, as a wager policy, if it appears that the relation of consanguinity or affinity was

such  *  *  as warrants the conclusion that the beneficiary had an interest, whether pecuniary, or arising from dependence, or natural affection, in the life of the person assured," but this is a *dictum* of Clifford, J., and is not in accord with the decisions generally. A majority of the reported cases will be found to be rested upon pecuniary considerations or expectations.

Thus it has been held that a sister had an insurable interest in the life of her brother, where the fact was that she had been supported by him, Lord vs. Dall, 12 Mass. 115, and a father in the life of his *minor* son, because entitled to his earnings, Mitchell vs. Un. Life Co., 45 Maine, 104 ; but that he has none from mere relationship to a son, Halford vs. Kymer, 10 Barn. & Cres. 724; nor does the mere relation of brother suffice to furnish an insurable interest, Lewis vs. Phenix Co., 39 Conn. 100.

It must be admitted that the courts are not in accord upon the kind or quality of the insurable interest. Sometimes statutory law has intervened and prescribed in general terms what is insurable interest. We have no statute on the subject, and therefore are not hampered by special restrictions, but are at liberty to apply the general principles that underlie the whole system of insurance law.

Rombach was in none of the categories of permissible insurers. He had no insurable interest in the life of his mother-in-law. This is conceded by his counsel, but inasmuch as he is natural tutor to his child, who is the grandchild of Mrs. Geisler, it is claimed that " the relationship of plaintiff by affinity to the deceased, and by blood to his own child, and the latter's relationship by blood, as a forced heir, to both his father and grandmother, does constitute a substantial insurable interest."

This lengthened tie long drawn out is too attenuated to support a policy of insurance.

Besides, the policy on its face expresses that it is for his sole use. If he had died, and the policy was collectible, it would have enured to the benefit of his succession—to his creditors exclusively, if he had died insolvent.

Judgment affirmed. .