## No. 14.016.

## JEAN MARIE SALLES, JOHN M. SALLES AND MARTHA SALLES VS. BELIZAIRE JACQUET ET AL.

### SYLLABUS

1. Where an attempt is made to take an appeal by motion in open court, but the order granted is not effective by reason of failure to specify the return day, and an order is subsequently made, upon the petition of the appellants, correcting the minute entry previously made so as to supply the omission, the appellee is entitled to be dealt with as though the appeal had been taken originally by petition ; and, where there is no prayer for citation and no citation is issued the appeal will be dismissed.

2. In such case, the original order having allowed an appeal, suspensive or devolutive, in the alternative, upon a bond for the amount fixed, and the bond having been furnished, it will be presumed that the appeal, as taken, was intended to be suspensive, and, upon its dismissal, the appellant may be allowed a devolutive appeal if applied for within the legal delay.

3. Where the law makes it the duty of the trial judge to fix the return day, an error in that respect is imputable to him, even though the motion and order of appeal are prepared by the counsel for appellant.

A PPEAL from the Nineteenth Judicial District, Parish of St. Martin.—*Foster, J.*

*Edward Simon,* for Plaintiffs, Appellants.

*James E. Mouton,* for Defendants, Appellees.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

MONROE, J. Defendants and appellees move to dismiss this appeal on grounds which are stated as follows, to-wit:

"That on March 21st, A. D. 1901, the said cause was docketed and judgment rendered and signed by the Judge of the Nineteenth Judicial District Court of Louisiana, St. Martin Parish.

"That on March 30th, A. D. 1901, said court, in and for St. Martin Parish, Louisiana, was adjourned *sine die.* That subsequently thereto, to-wit: on the 16th day of April, A. D. 1901, on the written petition and application of plaintiffs in said case, and not in open court, an order was granted and signed by the Hon. District Judge, granting an appeal and fixing a return day therefor to this Honorable

court. That no service of said petition and order and no citation of appeal were, at any time" (served) "on the defendants and appellees."

The record shows that the judgment was rendered and signed in open court March 20th, 1901, and that upon April 16th, following, the plaintiffs presented a petition to the judge *a quo* in which they alleged "That they were allowed a suspensive appeal, and in the alternative, a devolutive appeal from said judgment on their furnishing bond, for either appeal, in the sum of $175, returnable according to law, and thus on the 27th of March, 1901. That, by an oversight, no return" (day) "was fixed * * * pursuant to Act 92 of * * * 1900, which provides: 'That judges of the District Courts throughout the State * * * shall fix the return days in all civil cases appealable to the Supreme Court; provided, the judge shall fix the return day in the order granting the appeal, which shall not be less than fifteen days nor more than sixty days from the date of the order, except by the consent of parties.' That said order of appeal, less the return day, is carried on the minutes of the Court and is correctible and subject to correction by your Honor to remedy the omission by directing the clerk of the court to correct and amend the said minutes in said case by adding to said appeal entry a return day pursuant to said law, to be fixed by your Honor.

"Wherefore petitioners pray that the clerk of your Honorable court be ordered to correct and amend said minutes in said suit by adding thereto the return day which your Honor may fix, pursuant to said Act No. 92. or such other order as your Honor may think proper. and for general relief." etc.

Upon this petition the judge made the following order, to-wit: "Considering the agreement, made in open court, that none of the appellants' rights were to be waived by the signing of the judgment, and considering the fact that the court failed to fix the return day of the appeal moved for by appellants, and that the minutes fail to show any return day fixed, it is now ordered that the clerk of the court of St. Martin Parish be and he is hereby ordered to correct the said minutes in said case of J. W. Salles *et als.* vs. Belizaire Jacquet *et als.*, No. 9460, so as to make the return day of said appeal returnable sixty days from the entry of said appeal to the Supreme Court as the return day fixed by the court."

The order for the appeal, as originally entered, upon March 27th, does not appear in the transcript, but, from the order, as corrected by

that of April 16th, we take it that the motion had been reduced to writing by the counsel for the appellants and was entered as written. But it has been held that where the law makes it the duty of the judge to fix the return day an error in that respect is imputable to him, even though the order had been prepared by the counsel moving for the appeal. Pearce *et als.* vs. State *ex rel.* District Attorney *et als.,* 49 Ann. 643. There was, however, no return day fixed on the motion made in open court, and the appellees could not, therefore, be called on to answer the appeal by reason of the order made at that time. Some three weeks later the attention of the judge was called to the fact that the order as made out was not effective by reason of the failure to specify the return day, and he directed the clerk to amend the previous order in that particular. Considering, however, that the amendment to the original order was necessary to make it effective, and considering that it was made upon the petition of the appellees, and not by motion in open court at the session at which the judgment had been rendered, we are of opinion that the appellees were entitled to be dealt with as though the appeal had been taken by petition in the first instance; and, as there was no prayer for citation and none had been issued, that the appeal must be dismissed. But, as the appellants were granted an appeal, suspensive or devolutive, in the alternative, upon their furnishing bond in the sum of $175, and as they furnished bond in the amount named, the presumption is that the appeal, as taken, was intended to be suspensive, and there is no reason why they should not yet be allowed a devolutive appeal if applied for within the legal delays.

For the reasons assigned, it is ordered and adjudged that the appeal herein is dismissed at the cost of the appellants.

Rehearing refused.