ROBINSON v. WASHINGTON FIDELITY NATIONAL LIFE INS. CO.

(April 13, 1931. Opinion and Decree.)

Charles J. Mundy, of New Orleans, attorney for plaintiff, appellee.

Normann, McMahon & Breckwoldt, of New Orleans, attorneys for defendant, appellant.

CAGE, Judge ad hoc. Plaintiff, Melissy Robinson, the beneficiary named in a policy of life insurance issued by defendant on the life of Willie Martin, claims that she is entitled to be paid the amount stipulated in the policy. Defendant refuses payment, and, in alleged justification of this refusal, presents two contentions: That there has never been any liability under the policy because of the fact that plaintiff had no insurable interest in the life of the deceased, Willie Martin; and that, even if there had been any liability under the policy, a full and complete compromise settlement has been effected.

There is no dispute over the fact that plaintiff was in no way related to the deceased when she procured the issuance of the policy sued on, nor is there any denial of the fact that all the premiums thereon were paid by her.

Not being in any way related to the deceased, she had, in the contemplation of law, no interest in the continuance of his life. Having no legal interest in the continuance of his life, the issuance of the policy gave her an interest in his no longer continuing to exist, and the said issuance was thus against public policy.

"The insurable interest in the life of another is a pecuniary interest. A policy of insurance, procured by one for his own benefit upon the life of another, the beneficiary being without interest in the continuance of the life insured, is against public policy and therefore void." Rombach v. Piedmont & Arlington Life Ins. Co., 35 La. Ann. 233, 48 Am. Rep. 239.

It is argued that contrary views were adopted in four other cases cited, to-wit, New York Life Ins. Co. v. Murtagh et al., 137 La. 760, 69 So. 165; Stuart et al. v. Sutcliffe et al., 46 La. Ann. 240, 14 So. 912; Succession of Hearing, 26 La. Ann. 326; and Dolan v. Metropolitan Life Ins. Co., 11 La. App. 276, 123 So. 379.

These cases are not in conflict with our present view, for in each of them the insured himself had procured the issuance of the policy, and the beneficiary had paid the premiums only after the assured had failed to do so.

If we entertained any doubt as to the soundness of our view, still we could not permit a recovery by plaintiff, because the evidence with regard to the second contention of defendant—that is, that a settlement has been effected—leaves no room for doubt that plaintiff, of her own free will and with complete understanding of the import of her act, accepted settlement and granted full acquittance and discharge.

Of course, if the beneficiary had no insurable interest in the life of the deceased, then the policy was never of any value, and the insurer would be liable for the return of such premiums as have been paid, since no consideration was received therefor. It appears, however, that the

premiums paid amounted to approximately $30, and, under the settlement agreement, the insurer paid the plaintiff $60, so that such obligation as may have existed in defendant to return the premiums paid has been more than complied with.

We gather from the argument of counsel for plaintiff that it is also contended that, since the policy was assigned by the beneficiary to the undertaker, who had charge of the interment of the deceased, the defense of lack of insurable interest should not be permitted to prevail, but we cannot concur in this view of the matter, because it conclusively appears that, at the time the insurer made settlement with the beneficiary, no notice of any such assignment was given to the insurer and none of its officers or employees had actual knowledge thereof.

The trial court rendered judgment of non-suit, and defendant complains of this judgment and maintains that it is entitled to an absolute dismissal. In this we agree with defendant. Since defendant received no notice of the alleged assignment, and since plaintiff cannot recover under a policy the issuance of which was against public policy, and since, even if plaintiff ever had a legal right to claim the proceeds of the policy, she has settled and compromised that right, defendant should receive a judgment finally terminating all obligation under the said policy, and we shall so decree.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there now be judgment in favor of defendant and against plaintiff, dismissing plaintiff's suit at her cost.

WESTERFIELD, J., absent, takes no part.