### EVANS v. FIRST NAT. LIFE INS. CO.*
#### No. 14155.

Court of Appeal of Louisiana. Orleans.
April 18, 1932.

Normann, McMahon & Breckwoldt, of New Orleans, for appellant.

Charles J. Mundy, of New Orleans, for appellee.

### WESTERFIELD, J.

Appellee moves to dismiss this appeal upon two grounds:

First, that no citation of appeal was served upon appellee or his counsel, and,

Second, the return day of the appeal was in excess of the time allowed by law.

■ Taking up these contentions in inverse order, we find that the judgment from which this appeal was prosecuted was rendered and signed by the judge of the First city court for the parish of Orleans on February 8, 1932, and the motion for a suspensive and devolutive appeal, in which the return day was fixed as of the 23d day of February, 1932, was filed on the 12th day of February, 1932. The amount involved is in excess of $100, and, therefore, within the concurrent jurisdiction conferred upon the First city court by the Constitution of 1921 (article 7, § 91, par. 3), and the procedure is the same as that prevailing in the district courts. Richardson v. Caloavello, 3 La. App. 535. The only exceptions being such as have been created by Act No. 128 of 1921 (Ex. Sess.), the enabling statute. New Orleans Motor Co., Inc., v. Kelt, 3 La. App. 336. Turning to section 1 of that act we find that "the manner and form of proceedings before the City Courts of this State in Cities having over one hundred thousand inhabitants, in cases where said Court has concurrent jurisdiction with District Courts * * * shall be governed by the general laws regulating proceedings before the District Courts, provided that delays for answering shall be three days only. * * * Appeals shall be allowed, and be returnable to the Court of Appeals, within ten days, exclusive of Sundays, from the rendition of the judgment. * * *" It therefore appears that one of the exceptions to the rule that the procedure shall be as it is in the district court is that appeals "shall be allowed and be returnable to the Court of Appeals within 10 days exclusive of Sundays." The appellant contends that the requirement that appeals shall be taken and returnable within ten days should be construed to mean that applications for appeals, the motion in this case, should be taken within ten days and the return day fixed at not less than 15 or more than 30 days from the date of the order of appeal as is the case in the district courts. Consequently, counsel argues that he is not bound by the erroneous fixing of the return day because the day fixed was less than the minimum time allowed. Wilder v. Jackson, 150 La. 864, 91 So. 245.

The act, however, is too plain and requires that appeals from city courts must be returned within 10 days. The judgment in this

---

*For opinion annulling decree, see 142. So. 356.

case having been rendered on February 8th, the 23d of February was too late because well beyond the 10 days within which the appeal should be returnable.

Counsel has directed our attention to a number of cases which he claims support the proposition that: "If a wrong return day is fixed in the order, the appeal will not be dismissed unless the error was at the suggestion of appellant." State ex rel. Hoey & O'Connor v. Brown, 29 La. Ann. 861; Salles v. Jacquet, 106 La. 643, 31 So. 153; Elder v. City of New Orleans, 31 La. Ann. 500; Chaffe & Sons v. Heyner, 31 La. Ann. 594.

These cases, though apparently to the effect claimed, are not in point here for the reason that in the case before us the law fixes the limit within which the appeal is to be returnable, and the error of the judge cannot override the positive statutory requirement that the appeal must be returnable within ten days.

In Hays et al. v. Mayer et al., 117 La. 1067, 42 So. 505, it was held that the appellant "was bound to know what the latest day for returns is by Act No. 92, p. 150, of 1900, and to govern himself accordingly."

For the reasons assigned herein the motion to dismiss the appeal is maintained, and the appeal herein taken is ordered dismissed.

Motion to dismiss appeal maintained.