## WASHINGTON v. VICTORY INDUSTRIAL LIFE INS. CO. OF LOUISIANA.

### No. 14428.

Court of Appeal of Louisiana. Orleans.
March 27, 1933.

Wm. A. Green, of New Orleans, for appellant.

Chas. I. Denechaud and Ernest J. Robin, both of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by the beneficiary of an industrial life insurance policy to recover the face value thereof, or $158. The defense is that the plaintiff applied for the policy, had herself designated as beneficiary, and paid the premiums thereon, and, as the deceased was only related to her as a cousin, plaintiff was without any insurable interest in the life of the deceased, and therefore the policy is null and void, being contrary to public policy.

There was judgment in favor of the plaintiff for the amount of the premiums, which had been tendered by the defendant, and dismissing the suit in all other respects at the plaintiff's cost. She has appealed.

The evidence shows that the plaintiff and the deceased were related as first cousins, being the offspring of two brothers. Plaintiff is married and the mother of several children, and resides with her husband and family. Her mother and father are living, as well as several sisters and brothers. The deceased was married and had one child, but was separated from her husband. She also had several brothers and sisters living at the time of her death.

It is conceded by the counsel for the plaintiff that the propinquity of consanguinity between the plaintiff and the deceased alone was insufficient to give the plaintiff an insurable interest in the life of deceased, but he argues that, because of certain ties of affection between these parties and financial assistance rendered by the deceased in favor of the plaintiff, she thereby had an insurable interest in the life of deceased.

In Rombach v. Piedmont & Arlington Life Ins. Co., 35 La. Ann. 233, 48 Am. Rep. 239, the general rule is stated as follows:

"The Books formulate the general principle somewhat in this way: when the insurable interest arises, or is implied from relationship, it will be deemed to exist when the relationship is such that the insurer has a legal claim upon the insured for services or support. Even though such legal claim does not exist, yet where from the personal relations of the two, and the kindness and good feeling displayed by the insured to the insuree, the latter has a reasonable right to expect some pecuniary advantage from the continuance of the life of the former or to fear loss from his death, an insurable interest will be held to exist. * * *

"A majority of the reported cases will be found to be rested upon pecuniary considerations or expectations."

See, also, Robinson v. Washington Fidelity Nat. Life Ins. Co., 16 La. App. 281, 134 So. 115.

The evidence in the instant case shows that the deceased earned her living by washing and ironing and was without any other income. The plaintiff testified that on occasions deceased loaned her small sums of money, and she, in turn, advanced the deceased money, and that sometimes they repaid the loans, but at other times they did not, that there was a strong tie of affection between them resulting in mutual social and friendly visits, and that she felt that she could go to the deceased at any time and obtain material assistance to the extent of the deceased's ability to respond. She does not pretend that she was wholly or partially dependent upon the deceased.

The sister of the deceased, as a witness for the defendant, testified to the effect that the insured at no time ever lived with the plaintiff and at all times earned her own living,

and that the insured, during her last illness, resided with the witness, who had her remains interred and paid the funeral bill out of the proceeds of a policy with the Metropolitan Life Insurance Company.

We do not believe that the plaintiff has shown that she was deprived of any pecuniary support or material assistance as a result of the death of the insured. The mere loaning of small sums of money (i. e., two or three dollars) to plaintiff by the deceased at various times certainly cannot be construed as partial maintenance, or even reasonable material assistance. We have no doubt that these parties enjoyed a friendly relation, but under the law that is not sufficient to give the plaintiff an insurable interest in the life of her cousin.

Finally, the plaintiff contends that the policy was procured with the aid and assistance of the deceased, and this was equivalent to the deceased making application for the policy herself, citing Dolan v. Metropolitan Life Ins. Co., 11 La. App. 276, 123 So. 379; New York Life Ins. Co. v. Murtagh et al., 137 La. 760, 69 So. 165; Stuart et al. v. Sutcliffe et al., 46 La. Ann. 240, 14 So. 912; Succession of Hearing, 26 La. Ann. 326. The evidence on this issue fails to convince us that the plaintiff procured the policy, named herself as beneficiary, and paid the premiums thereon with the consent, aid, and assistance of the deceased.

It is our opinion that the judgment of the trial court is correct, and, for the reasons assigned, it is affirmed.

Affirmed.