## BUSH v. VICTORY INDUSTRIAL LIFE INS. CO.*
### No. 16191.

Court of Appeal of Louisiana. Orleans.
Jan. 27, 1936.

Henican & Carriere, of New Orleans, for appellant.

Chas. I. Denechaud and Ernest J. Robin, both of New Orleans, for appellee.

JANVIER, Judge.

Barbara Bush applied to Victory Industrial Life Insurance Company for a policy of insurance on the life of her grandnephew, Earl Benn. The policy was issued, and in it she was named beneficiary. She paid all premiums on the policy, and now, Benn having died, claims the proceeds thereof. The insurance company refused payment of the proceeds and contends that the said Barbara Bush had no insurable interest in the life of the said Benn and maintains that, in the absence of such interest, it is against public policy that a beneficiary be permitted to recover on such a policy, and that, therefore, liability is limited to the return of the amount of all premiums which have been paid. It tenders the amount of the said premiums, but the tender has been rejected by the plaintiff.

Plaintiff concedes that the relationship which existed between her and the deceased did not in itself create in her an insurable interest in his life, but she seeks to overcome this obstacle to her claim by attempting to show three things, any one of which she contends would create in her such an insurable interest as would give her the right to recover under the policy. First. She maintains that, though the policy was solicited by her and though she has paid all the premiums, nevertheless, the said Benn had knowledge of the existence of the policy and approved it and intended to reimburse her for the amounts paid by her as premiums. Second. She avers that Benn was indebted to her for cash amounts which she had loaned to him and she maintains that this fact created in her a right to obtain such a policy as security for repayment of such sums. Third. She seeks to persuade us that she had a reasonable expectancy of receiving from Benn, had he lived, financial assistance in her later years, and that this created in her such an interest in his continued existence as gave her the

*Rehearing denied Feb. 10, 1936.

right to protect that interest by a policy of insurance on his life.

The judge, a quo, felt that the facts of this case could not be distinguished from those which we considered in the matter of Washington v. Victory Industrial Life Ins. Co. of Louisiana, 146 So. 766, in which we refused recovery, and, consequently, rendered judgment for defendant company dismissing plaintiff's suit.

█ It is conceded, as indeed, it must be, that insurable interest does not result from relationship itself. In Rombach v. Piedmont & Arlington Life Ins. Co., 35 La.Ann. 233, 48 Am.Rep. 239, the Supreme Court, after stating that insurable interest does not arise from relationship alone, and that, where the relationship is such as to create an interest, it does so only because "the relationship is such that the insurer [beneficiary] has a legal claim upon the insured for services or support," continues with the statement that "Even though such legal claim does not exist, yet where from the personal relations of the two, and the kindness and good feeling displayed by the insured to the insuree, the latter has a reasonable right to expect some pecuniary advantage from the continuance of the life of the former or to fear loss from his death, an insurable interest will be held to exist."

In Stringer v. National Benefit Life Ins. Co., 12 La.App. 84, 124 So. 533, our brothers of the Second Circuit adopted the view that where there is such reason to anticipate financial assistance, there is insurable interest. But in the Rombach Case it will be noted that the court held that the claimant "was in none of the categories of permissible insurers," and that the court also indicated very plainly that there must be more than a mere indefinite hope of future assistance, and in the Stringer Case it was shown that "for more than five years" the insured had been actually contributing to the support of the beneficiary "$50.00 a year or more."

█ In the case at bar the record shows that at no time had the insured contributed to the support of the beneficiary. On the contrary, she had always aided in supporting him, and the only money he had ever given to her is shown to have been intended as a partial repayment of advances she had previously made to him. Under such facts, extreme and unwarranted optimism would be required to sustain a hope that, had the deceased lived, material financial aid to the beneficiary would have resulted.

█ It is said that there was a debt due by the insured to the beneficiary, and that this fact created in her an insurable interest in his life. But, at most, that debt was $20, and the evidence establishing it at even that figure is most indefinite and uncertain. The amount of the policy is $168, which is entirely out of proportion to the amount of the debt. Counsel contend that this is of no importance, and that where there is a debt there is an insurable interest which creates in the creditor a right to insure the debtor for almost any amount, and, as sustaining this view, they call to our attention the case of Lake v. New York Life Ins. Co., 120 La. 971, 45 So. 959, 960. There the debt was $2,834.20 and the face amounts of the four policies totaled $10,000. But it was shown that the debtor and the creditor had carefully estimated the amount of the insurance which would be necessary to make it certain that, should the beneficiary (creditor) be required to pay all future premiums during the life expectancy of the insured (debtor), the proceeds of the policies would be sufficient to repay the original debt as well as interest and premiums. Here the amount of the debt, though very indefinitely shown, bears no relationship whatever to the face value of the policy. Furthermore, it is quite obvious, from a reading of the testimony, that there was no causal connection whatever between the existence of the debt and the application for the policy.

It is quite true that there is no sound reason which makes it contrary to public policy that a life insurance policy be applied for as a kind of security for, or assurance of, the payment of a debt, and that in such case, where the amount of the debt and the face of the policy are not entirely out of proportion to each other application for the policy and the issuance thereof do not take on the characteristics of a mere wagering scheme. In the Lake Case, the court said: "The law seems to be fairly settled that a life insurance policy is an incorporeal right, or chose in action, which may be sold, or given in payment of a debt; and that the transaction is not the less valid where the transferee is to pay all future premiums; not, at least, where the value of the policy, and the price of the sale, or amount of the debt are not so disproportionate as to show that the transaction was nothing more than a mere wagering scheme. 25 Cyc. 709;

488

Metropolitan Life Ins. Co. v. Elison, 72 Kan. 199, 83 P. 410, 3 L.R.A.(N.S.) 934, 115 Am.St.Rep. 189 [7 Ann.Cas. 909]; Rylander v. Allen, 125 Ga. 206, 53 S.E. 1032, 6 L.R.A.(N.S.) 128 [5 Ann.Cas. 355]; Alba v. Provident Savings Life Assurance Society, 118 La. 1021, 43 So. 663."

Here the disproportionate size of the one to the other and the entire absence from the mind of the creditor, when she applied for the policy, of any thought that she was attempting in any way to protect her debt, are matters which we consider prevent our holding that, in this instance, a legal, insurable interest has been shown.

The remaining contention of plaintiff is that, though the policy was applied for and the premiums were paid by her, nonetheless the contract could not be annulled because of these facts, since, so plaintiff testifies, the insured knew that she had applied for the policy and approved of her action in doing so, and because, also, the insured intended to repay her for the premiums paid by her.

That one may insure one's own life and name as beneficiary another person who has no interest in the life of the insured and that such a policy is not void as a wagering contract, or otherwise repugnant to public policy, is well settled. In New York Life Ins. Co. v. Murtagh et al., 137 La. 760, 69 So. 165, 167, our Supreme Court cited with approval its former decision in Succession of Hearing, 26 La.Ann. 326, 327, in which it had used the following language: "A man may take out a policy of insurance on his life in the name of any one, or, having taken it out in his own name, he may, with the consent of the assurers, transfer it to whom he pleases."

It may be that, where the insured is shown to have authorized the application for the policy and has requested the beneficiary to pay the premiums for his account and intends to return those premiums, such a method of procedure will meet with the approval of our courts, but we feel that it should be shown clearly and definitely that the insured had actual and complete knowledge concerning the policies, and that his approval was given deliberately and intentionally. Here we find only a most meager suggestion that the insured gave any real consideration to the fact that his life had been insured for the benefit of another. In Dolan v. Metropolitan Life Ins.

Co., 11 La.App. 276, 123 So. 379, 382, we rejected a defense that the beneficiary had taken out the policy, but there we did so because we felt that the defense did not show that the insured had not himself procured its issuance. We said: "The defendant has not offered any evidence to show that the policy was taken out by the plaintiff, and not by the insured."

Here plaintiff alleges "that the said policy was issued at petitioner's request," and that she had "paid all of the premiums due thereon." Ordinarily, in the absence of proof to the contrary, it may be presumed that the beneficiary has an insurable interest in the life of the insured; otherwise there might result the presumption that any such policy is void ab initio. But where the allegations of the beneficiary's petition show plainly a lack of such interest, the burden is on that plaintiff to show other facts which overcome the effect of those allegations and show an insurable interest. Here plaintiff has not successfully sustained that burden.

We cannot distinguish this case from Washington v. Victory Industrial Life Ins. Co. of Louisiana, supra, and, consequently, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.