LAND, J.
On April 1, 1912, the plaintiff company issued a policy for $3,514 on the life of William H. Oncken, of New Orleans, La., in favor of Miss Lulu Delery, as beneficiary, with right of revocation. It was stipulated that the insured should have the right to designate a new beneficiary “by filing written notice thereof at the home office of the company, accompanied by the policy for suitable indorsement thereon,” and that “such change shall take effect upon the indorsement of the same on the policy by the company and not before.”
The insured died on or about May 23, 1912, and proofs of death were furnished by his testamentary executor, claiming the proceeds of the policy as inuring to the estate of the insured, on the ground of an alleged notice ■of change of beneficiary executed on or about May 2, 1912, and on the same day delivered to the branch office of the company in New ■Orleans. No such notice was received by the company, and therefore no indorsement ■of any change of beneficiary was made on the policy, which was held in the home office as security-for a small loan.
The beneficiary, Miss Lulu Delery, also claimed the proceeds of the policy; and the •company thereupon deposited the proceeds in the registry of the court below for the benefit of said claimants, or the one legally entitled to the same.
The executor answered, averring a change of beneficiary as above stated, and that Miss Lulu Delery had no insurable interest in the life of the insured.
There was judgment in favor of Miss Lulu Delery, and the executor has appealed.
[1] The evidence shows' beyond dispute that the alleged written notice of the change of beneficiary was never received in the home office in New York. Mr. Donovan, an employe in the branch office in New Orleans, and a friend of the insured, testified that the latter, while sick in bed, filled in and signed a printed form of notice of change of beneficiary, and that the witness carried the document to the branch office and deposited it in a basket for letters to be mailed. That the letter was actually mailed' is a mere-presumption from the usual course of business, which is at least balanced by the presumption that, if the letter had been mailed, it, in due course, would have been delivered at the home office in New York City. It is to be noted that the printed form reads “such change to take effect only when indorsed on. said policy by the company at the home office.”
Article 1901 of the Civil Code declares;
“Agreements legally entered into have the effect of laws on those who have formed them.”
In the instant case, the parties having agreed that no change of beneficiary should take effect, until indorsed on the policy by the company at the home office, the courts of this state are bound to recognize and enforce such agreement as the law of contract.
In this state it is only where there is no “express law” that the judge is bound to proceed and decide according to equity. Civil Code, art. 21.
In speaking of a stipulation in a policy, barring the prosecution of claims after the expiration of one year from the date of loss, the court, through Fenner, J., said:
*763 “Such stipulations are therefore the law which the parties have made for themselves, and by which their rights and obligations must be determined.”
This doctrine is hornbook law applicable to all kinds of contracts.
We see no good reason why the stipulation in the instant case should not be enforced as the law of the contract.
The general jurisprudence on the subject has béen epitomized as follows:
“To effect a change of beneficiary, where the assured has the right to make such change, the designation of the new beneficiary must be in the method pointed out by the contract.” 25 Oye. 893, 894.
The text is supported by the citation of a number of cases, including Freund v. Freund, 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283, which is similar in many respects to the case at bar. In that case, the beneficiary had been changed.several times, but the last change indorsed on the policy was in favor of the son of the assured. The day before his death, the assured took the policy to the local office in Chicago, and left there written notice signed by himself for a change of beneficiary from his son to his wife. The notice and- policy were forwarded after the death of the assured to the company in New York, and were received in due course of mail, but no indorsement of the written notice was ever made by the company at its home office or elsewhere. The court held that the son was entitled to the proceeds of the policy.
In the same case the court, referring to the stipulation in the policy said:
“This is a plain and clear contract between the company and the assured, and we see no reason why the contract is not valid, and should not be enforced as made. The proof in this case shows clearly and without dispute that the company never did give its consent to the change of the beneficiary from the son to the wife, as attempted to be made by the writing of June 16, 1902, and that the company never did make the indorsement, required by the contract, upon the policy, at its home office, or at any other place. Therefore the change did not take effect.”
Having . arrived^ at that conclusion, the court logically held that no change was effected by the presentation of the notice at the branch office, and its reception and transmission-to the company at its home office.
It is true that in the Ereund Case the court referred to a statute of the state of New York, providing in substance that the assured “shall have ‘the right at any time, with the consent of such corporation, * * * to make a change in ‘his payee or payees, or beneficiary or beneficiaries, without requiring, the consent of such payee or beneficiaries.’ ” But as the New York Life Insurance Company was the insurer in that case, as well as in this, the stipulation should be given the same construction.
Act No. 96 of 1906 requires every policy of life insurance and every benefit contract to-be so interpreted, performed, and enforced as to give beneficiaries residing in this state the benefit of all legislative or légal enactments of any sort within the state or country where the company or corporation issuing such policy or benefit contract is domiciled.
In Freund v. Freund the court construed the policy in the light of the legislation and jurisprudence of the state of New York. 218 Ill. 201, 75 N. E. 925, 109 Am. St. Rep. 2S3. But the court also considered the stipulation as a valid contract binding on the parties. The stipulation in the case at bar is made clear by the addition of the words “and not before,” thereby excluding the possibility of a change of beneficiaries, before notice of the same had been indorsed on the policy.
The rights of the beneficiary were fixed at the death of the insured, and could not be affected by any subsequent acts of- the insurance -company, or the personal representatives of the deceased.
[2] The objection that the beneficiary, Miss Delery, had no insurable interest in the life of W. H. Oncken, is without merit.
Oncken insured his own life, paying the *765 premiums, and designated Miss Delery as beneficiary.
In Succession of Hearing, 26 La. Ann. 327, the court said:
“A man may take out a policy of insurance on his life in the name of any one, or, having taken it out in his own name, he may, with the consent of the assurers, transfer it to whom he pleases.”
This doctrine was approved in Stuart v. Sutcliffe, 46 La. Ann. 247, 14 South. 912. See, also, Heinlein v. Imperial Life Ins. Co., 25 L. R. A. 627, note, and Rose Dolan v. Supreme Council, etc., 152 Mich. 266, 116 N. W. 383, 16 L. R. A. (N. S.) 555, 15 Ann. Cas. 232. In the last case the syllabus reads:
“The insurance of one’s life for the benefit of another having no insurable interest therein is not contrary to public policy.”
Judgment affirmed.