No. 681

First Circuit

CITIZENS BANK v. KNIGHT ET AL.

(October 8, 1930. Opinion and Decree.)
(December 1, 1930. Rehearing Refused.)

L. D. McDougall, of Covington, attorney for plaintiff, appellee.

Bascom D. Talley, of Bogalusa, attorney for defendant, appellant.

ELLIOTT, J. Mrs. Mattie Knight, wife of Charles O. Knight, appeals from the judgment of the lower court herein to the extent that it is in favor of the plaintiff on its demand against her and to the extent that her demand against the plaintiff is refused. It is not necessary to state the case, except to the extent that questions at issue between the plaintiff bank and Mrs. Mattie Knight are involved.

Citizens' Bank of Franklinton brought suit against Charles O. Knight as the maker and M. R. Jones as indorser on a note for $5,800, and alleges that it holds as collateral security and in pledge from Charles O. Knight several other notes, together with a paid-up life insurance policy for $2,000 on the life of the pledgor, No. 5015, in the Louisiana National Life Assurance Society of New Orleans and in which Mrs. Mattie Knight, wife of Charles O. Knight, is named as the beneficiary. That said policy reserved to the assured the right to change the beneficiary, in terms which do not require her consent in order to make the change. That said act, whereby said policy was pledged, assigns all the interest of Charles O. Knight in said policy to the petitioner. That said Charles O. Knight having assigned to petitioner all his rights in said policy, he thereby assigned to petitioner the right to change the beneficiary and to make the policy payable to petitioner.

That Pan-American Life Insurance Company has purchased the Louisiana National

Life Assurance Society, taken over and assumed all its policies.

That Pan-American Life Insurance Company will not make the change, without a judgment of court or an express request from Charles O. Knight. That Charles O. Knight refuses to authorize the change. The petitioner therefore prays that Charles O. Knight be required to make the change, and upon his failure or refusal to do so within a time to be fixed by the court, that the judgment stand in lieu of such written authority or request. That petitioner's lien and privilege, resulting from the pledge, be recognized and enforced, etc.

Mrs. Mattie Knight was made a party to the suit, in order that she might assert whatever interest, if any she had, in the policy.

C. O. Knight and Mrs. Mattie Knight appeared and excepted to plaintiff's demand on the ground that the petition stated no cause of action. This exception was by the court referred to the merits, without objection on the part of Mr. and Mrs. Knight. The defendant C. O. Knight made no further appearance and is not before this court as appellant from said judgment against him or otherwise.

Mrs. Mattie Knight further appeared and answered plaintiff's petition, by denying the articles which allege that the policy had been pledged and assigned to the petitioner. And later she filed an amended and supplemental answer, alleging that she was the owner of the policy by gift from her husband and that he had no right to pledge it to the plaintiff. She quotes in her answer the clause in the policy which provides for changing the beneficiary, and alleges:

"That this plaintiff claiming to have secured from C. O. Knight an assignment of this policy under date of October 4th, 1927, now is claiming the right to make the said C. O. Knight, change the beneficiary. "That under said policy contract, this plaintiff, having accepted from C. O. Knight the purported assignment and it specifically alleges in its article 7, that the plaintiff is without right to ask for a change of the beneficiary."

She then alleged in reconvention that she was entitled to have the policy returned to her; that she had been compelled to expend $250 on account of attorney's fees and had been damaged to the extent of $750 by plaintiff's refusal to turn the policy over to her. Her prayer is that the policy be restored to her and that she have judgment against the plaintiff for $1,000 in damages.

The court rendered judgment, which, in so far as it concerns Mrs. Mattie Knight, recognized the pledge under which the plaintiff held it from C. O. Knight and decreed that it remain in the possession of the bank. That plaintiff under its assignment and pledge was entitled to all the rights of every kind of C. O. Knight in and to the policy, but refused plaintiff's demand that the beneficiary be changed at this time.

As regards Mrs. Knight, the judgment rejects her reconventional demand as in case of non-suit.

Mrs. Mattie Knight appealed. Neither the plaintiff nor Charles O. Knight have answered the appeal, therefore only such parts of the judgment and the effect thereof are before us which involve the rights of Mrs. Knight, under the petition against her, and her answer thereto, and demand in reconvention against the plaintiff.

For the purpose presumably of fixing jurisdiction in case of an appeal, the note of testimony commences with an admission "that the policy in contest here, has a val-

64

The policy bears date December 1, 1910, ue of considerably less than $2,000.00." The briefs of the parties urge no rights of any kind except in regard to this policy. It therefore seems under the admission that there is nothing else in dispute.

and an endorsement by the Pan-American Life Insurance Company that it has been paid up of date January 13, 1926.

It is not payable until after the death of Charles O. Knight and names Mrs. Mattie O. Knight as the sole beneficiary. It contains a change of beneficiary clause which reads as follows:

"Provided this contract is not assigned, the assured may at any time and from time to time during its continuance, change the beneficiary to take effect only, when such change and the written consent of the society thereto, are indorsed upon the contract, or attached thereto, at the home office of the society: whereupon all rights of the former beneficiary shall cease. If there be no beneficiary living at the death of the assured, the proceeds of this contract shall be paid to the executor, administrator or assigns of the assured."

Also a further clause which reads:

"No assignment thereof shall be binding upon the society, unless made by an instrument in writing indorsed upon this contract or attached thereto, nor unless a duplicate shall be furnished to the society upon its execution. The society shall not be held responsible for the validity of any such assignment. Any claim made under an assignment, shall be subject to proof of interest and extent thereof."

In Mrs. Knight's original answer, she specifically denies averment No. 7 in plaintiff's petition, wherein it is alleged that the policy was assigned to the petitioner. But in her amended and supplemental answer, she alleges that the plaintiff claims to have secured from C. O. Knight an assignment, etc. And later that, "this plaintiff having accepted from the said C. O. Knight, the purported assignment," etc. It seems to admit of doubt, whether Mrs. Knight in her pleadings has denied the assignment alleged by the plaintiff or not. But taking her pleadings as a whole, it seems to be her intention and to result from her averments, that a legal assignment has not taken place as claimed by the plaintiff, but if any has in fact been made, then it is not effective as to the Assurance Society nor as to the status of herself as beneficiary.

Acting on this theory as to her pleadings, the question which first presents itself for consideration is the extent of the rights of the bank, as regards this policy, and the interest of Mrs. Knight being contingent, what standing has she to contest plaintiff's claim.

The plaintiff claims that Mrs. Knight has no vested interest in the policy. That is true. Mr. Knight has the power, under the contract, to destroy her status at any time. But until he has manifested a desire to change the beneficiary and the assurance society or its successor has given its consent thereto in the way provided for in the contract, then the plaintiff, having such rights only as it has received from the assured, cannot require such a change.

Until an assignment of the policy has been made by an instrument in writing, signed by Charles O. Knight, and a duplicate of the same furnished to the assurance society, the plaintiff cannot successfully claim that the status of Mrs. Knight as beneficiary has been destroyed. For, "It is the settled jurisprudence that, where a policy is made payable to a certain beneficiary, his interest can only be divested in favor of another beneficiary by the insured changing the contract in the manner which the contract points out that it must be changed to effect that result; and

it was not so changed in this case." Douglass v. Equitable Life Assur. Soc., 150 La. 519, page 527, 90 So. 834, 837; New York Life Insurance Co. v. Murtagh, 137 La. 760, 69 So. 165.

Under the evidence the status of Mrs. Knight as beneficiary has not been changed, and the policy has not been assigned in the manner which the contract points out that it must be done. It may be additionally said that the formality required by the Civ. Code, arts. 3158, 3159, 3160 (amended by Act No. 157 of 1900), for the pledging of a life insurance policy, has not been observed.

Mrs. Knight remains the beneficiary until it has been shown that her status as such has been destroyed by the assured in the way provided for in the contract, and so far it has not been shown.

The referee in bankruptcy having disclaimed interest in the policy, there is no need for making the trustee, in the matter of Charles O. Knight, bankrupt, a party to proceedings such as the plaintiff has instituted, but it is a different matter as to the Louisiana National Life Assurance Society or its successor, as the case may be.

A judgment, authorizing a change of beneficiary, as prayed for, to stand in lieu of the written authority or request of Charles O. Knight, might be effective as against Mr. Knight, but it would not be effective to accomplish the change, because the further consent of the assurance society or its successor is also necessary and the assurance society or its successor is not a party to these proceedings and therefore cannot be thereby bound.

For these reasons the present claim of the plaintiff, in and to the policy in question, in so far as same depends on the destruction of the rights and status of Mrs. Knight as beneficiary and as having taken place as the result of a pledge or an assignment of the policy in question presently existing, must be refused as in case of nonsuit. That is what the lower court seems to have intended, but we will make it more specific. And the situation is such that the present claim of Mrs. Mattie Knight, for possession of the policy and a vested interest as beneficiary, must be refused in the same way.

It is therefore ordered, adjudged, and decreed that the demand of the plaintiff Citizens' Bank of Franklinton, as regards the policy in question, to the extent that same depends on the destruction of the right and status of Mrs. Mattie Knight as beneficiary of said policy, resulting from the presently existing pledge or assignment alleged in its petition, is refused as in case of non-suit. And the present claim of Mrs. Mattie Knight, for possession of the policy and a vested interest as beneficiary, is also refused as in case of non-suit.

Plaintiff-appellee to pay the cost of the contest with Mrs. Knight in the lower court.

Mrs. Mattie Knight, defendant-appellant, to pay the cost of this appeal.