## WORRELL et al. v. LIFE & CASUALTY INS. CO. OF TENNESSEE.

### No. 1684.

Court of Appeal of Louisiana. First Circuit.

March 5, 1937.

W. A. Benton, of Baton Rouge, for appellants.

Ashton L. Stewart, of Baton Rouge, for appellee.

LE BLANC, Judge.

Prior to April 18, 1936, the defendant insurance company had issued two policies on the life of Edward Leon Worrell, minor son of Dossie Edward Worrell and Mrs.

Eva Henderson Worrell, who, together with their five remaining children, are the plaintiffs herein. One of the policies was what is referred to as a travel and pedestrian policy for the sum of $1,000, and the other, a life policy for $400, with a double indemnity provision in case of accidental death.

On April 18, 1936, Edward Leon Worrell was accidently killed and on or about June 1, 1936, the sum of $1,800 due under the policies was paid to Mrs. Eva Cobb by the defendant.

The plaintiffs herein had themselves recognized as heirs of the deceased, Edward Leon Worrell, by judgment of court, and, as such, placed in possession of all the property depending on his estate, including the two policies of insurance just referred to, and they have instituted this suit for the purpose of recovering the proceeds thereof.

Plaintiffs attempt to express a cause of action by averring that the pretended designation, as they refer to it, of Mrs. Eva Cobb as the beneficiary under both policies "was not an essential element of the reciprocal character of the policy contracts themselves," but even if it were, then, in the alternative, they allege that the said Mrs. Cobb had no insurable interest in the life of the deceased, and the said "pretended designation of her as his beneficiary was against public policy, which facts rendered the policies absolutely null as between said (insurance) company and the pretended beneficiary, and said company not only could but should have refused to pay her the proceeds of the policies." Plaintiffs then allege, in effect, that since the insurance company should have repudiated the said pretended beneficiary, the mutual ingredients of the contracts, as far as the said pretended beneficiary was concerned, were destroyed, and that therefore, as the legal representatives of the insured, they have the right, which they now avail themselves of, to ratify and confirm the contracts and at the same time repudiate the said pretended designation of the said Mrs. Cobb as the beneficiary thereunder.

The original petition of the plaintiffs impresses us as a very skillful attempt on the part of their counsel to have a contract entered into by a minor ignored because of his incapacity, in respect to the one for whose benefit the contract was made, and at the same time to have it maintained as a binding contract in their favor as his legal representatives, on the ground that it

has been ratified. The allegation that the "pretended designation" of the beneficiary "was not an essential element of the reciprocal character" of the contracts themselves was an ingenious method used to state a cause of action in the face of the provisions of article 1792 of the Civil Code, which provides that if the contract of a minor or other incapacitated person be reciprocal, and such incapacity be opposed against any part of the agreement, the whole of the contract is void. But under the view we take of the matter, as we will later see, it will be unnecessary for us to consider the provisions of law as laid down in that article of the Civil Code.

Upon an exception of vagueness being filed by the defendant, plaintiffs, by way of amplifying, alleged in a supplemental petition that the policies sued on "were issued at the instigation or request, who paid the premiums thereon, of the said Mrs. Eva Cobb," and, further, that they contained the designation of no "lawful" beneficiary, "the said Mrs. Eva Cobb being a mere pretended one."

To the original and amended petitions, defendant filed exceptions of no right of action and of no cause of action. These exceptions were sustained by the district judge and the suit of plaintiffs dismissed, whereupon they took this appeal.

The gist of counsel's argument in support of a cause of action on behalf of these plaintiffs is that the contracts on the policies of insurance were invalid as the insured thereunder was a minor and his acts were never ratified during his lifetime by his father, but that their validity was affected only to the extent that there was an attempt to designate a beneficiary who could not be so designated as she had no insurable interest in his life. To that extent, they contend that, had he attained the age of majority before he died, he could have repudiated this part of the contracts, but having died before that event, they, as his legal representatives, had the right to do so and have exercised that right and therefore, the contracts stand as valid and binding contracts as between them, as such legal representatives and the defendant, and they are entitled to their proceeds.

As already stated, counsel, by the allegations that there was no "lawful beneficiary" or that there was only a "pretended designation of a beneficiary" under the contracts, has cleverly attempted to transpose the advantageous position occupied by the named beneficiary, Mrs. Eva Cobb, es-

pecially now that the policies have become executed contracts, to one under which plaintiffs would become the beneficiaries themselves.

But, reading the original and supplemental petitions as a whole, it is clear that the allegations as made can mean only that Mrs. Cobb was the actual beneficiary under the policies. Not only that, the averment is made that the policies were issued at her instigation and request, that the premiums thereon were paid by her, and that she has been paid the proceeds due thereunder. We agree with the proposition that a beneficiary, as such, under a policy of insurance, is not a party to the insurance contract. But here, the designated beneficiary was one who, as shown by the very allegations of the plaintiffs themselves, had had the policies of insurance issued, and who had paid the premiums thereon. She was the real party to the contracts and it is not the province of these plaintiffs to question the rights of the parties thereunder. To allege that she was not a "lawful" beneficiary, without specifying any facts, is merely to state a legal conclusion which of itself is not sufficient to give rise to a cause of action on their part. And to state that she did not have an insurable interest in the life of the deceased is a matter which they cannot take advantage of because it appears to be well settled that lack of insurable interest in a policy is a defense which only the insurance company can avail itself of.

"Want of insurable interest is available only to the insurance company. Where the company recognizes the validity of the policy by paying the amount thereof either to the person named therein or into court, other persons claiming an interest in the fund cannot raise the objection of lack of insurable interest." 32 Corpus Juris p. 1112, § 206.

When therefore these plaintiffs made allegations which cannot be construed in any other light than that Mrs. Eva Cobb was the beneficiary under the policies and that she has been paid the amounts due thereunder, they in effect alleged themselves out of court. At the death of the insured, the rights of the beneficiary became fixed and they "could not be affected by any subsequent acts of the insurance company, or the personal representatives of the deceased." See New York Life Insurance Co. v. Murtagh et al., 137 La. 760, 69 So. 165, 167.

These views, as we have already indicated, make it unnecessary for us to consider what effect the minority of the deceased insured under the policies would have on the contracts and whether, as alleged by the plaintiffs, the designation of a beneficiary by a minor in an insurance contract is an essential element of the reciprocal character of such contract or not, and therefore it is not void as a whole, under article 1792 of the Civil Code. Suffice it to say that in their petitions plaintiffs have not alleged that they are the beneficiaries under the policies, nor have they alleged that there was no named beneficiary thereunder or that the policies were payable to the estate of the insured, but, on the contrary, they have in effect alleged that there was a beneficiary at whose instigation and request the policies were issued and who paid the premiums due thereunder and who moreover was paid the proceeds at the death of the insured. These policies had thus become executed contracts which these plaintiffs, in the light most favorable to their allegations, have no interest in and are without right now to question.

The judgment appealed from which sustained the exception of no cause or right of action and which dismissed the suit of plaintiffs was correct and it is therefore affirmed.