178 So. 368

## GIUFFRIA v. METROPOLITAN LIFE INS. CO.

### No. 34451.

Nov. 29, 1937.

Rehearing Denied Jan. 10, 1938.

Arthur J. Landry, of New Orleans, for appellant Mrs. Nina Clesi.

Sydney J. Parlongue, of New Orleans, for appellee.

ROGERS, Justice.

This is a contest over the proceeds of a policy of life insurance issued in 1933 by the Metropolitan Life Insurance Company to Anthony J. Clesi, who died in New Orleans on May 7, 1936. On being sued by Mrs. Madlyn Clesi, the wife and named beneficiary of the insured, the Metropolitan Life Insurance Company answered, deposited the proceeds of the policy in the registry of the court, and called upon plaintiff, claiming as the named beneficiary, and upon Caroline Nina Clesi, the insured's minor child, through her tutrix and under tutor, and Mrs. Nina Clesi, the insured's mother, also claiming as beneficiaries under an alleged subsequent change of beneficiaries by the insured. Mrs. Nina Clesi, insured's mother, filed a plea of estoppel to the claim of Mrs. Madlyn Clesi, the insured's wife, which was overruled. After hearing the merits of the case, the trial judge rendered a judgment for the plaintiff, Mrs. Madlyn Clesi, decreeing her entitled to the entire proceeds of the policy, and relieving the insurance company from any further liability. From that judgment, Mrs. Nina Clesi appealed. No appeal was taken on behalf of Caroline Nina Clesi, minor child of the insured. Mrs. Madlyn Clesi has answered the appeal of Mrs. Nina Clesi and asked that the judgment of the district court be affirmed. It appears from the record that Anthony J. Clesi, the insured, while confined by illness in the French Hospital, at New Orleans, desiring to make a change of beneficiary, as he was authorized to do under the terms of the insurance contract, executed the printed form of notice required by the insurance company for that purpose. He was assisted in obtaining and executing the form by a cousin, who is engaged in the insurance business, and by an attorney secured by a brother-in-law, who is a practicing physician. In this form, the insured made his wife, Mrs. Madlyn Clesi, originally named as beneficiary for the full amount of $10,000, and his minor child, Caroline Nina Clesi, joint beneficiaries for six-tenths, or $3,000 each, and his mother, Mrs. Nina Clesi, beneficiary for four-tenths, or $4,000 of the amount called for by the policy.

The change of beneficiary form was executed on April 30, 1936. At that time the policy itself was in the possession of Mrs. Madlyn Clesi, the insured's wife, who had obtained it from the local office of the insurance company, the home office being in New York, which held the policy as collateral security for a loan of $300 made to the insured.

On April 19, 1930, Mrs. Madlyn Clesi paid $130, the balance due on the loan, and the policy was delivered to her by the insurer's local representative.

It further appears from the record that sometime subsequent to May 1, 1936, the

insured asked his wife for the policy, and that she delayed giving it to him until May 5, 1936. On the next day, namely, May 6, 1936, the insured delivered the policy to the attorney who had assisted him in executing the change of beneficiary form, and on the same day the attorney delivered the policy to the agent of the insurance company in New Orleans.

The change of beneficiary form was received at the home office of the insurance company in New York on May 6, 1936, but the policy itself was never forwarded to New York. Clesi, the insured, died on the morning of May 7, 1936.

While the policy reserves the right to the insured to change the beneficiary, it also provides how that change shall be made. Thus the policy declares that the insured may designate a new beneficiary "by filing written notice of this change at the Home Office of the Company, accompanied by this policy for endorsement of the change thereon by the Company. No such change shall be effective unless and until it is so endorsed on the policy, but upon such endorsement the change will be deemed to have been made as of date the insured signed the written notice of change, whether the insured be living at the time of such endorsement or not, but without prejudice to the Company on account of any payment made by it before receipt of such written notice at its Home Office, accompanied by this policy for such endorsement by the Company."

■ It will be observed that the policy expressly provides that no change of bene-

ficiary shall be effective unless and until it is indorsed on the policy at the home office of the insurer. The parties having agreed to that contractual provision, the courts of this state are bound to recognize and enforce the agreement as the law of the contract. Until that condition is fulfilled, a change of beneficiary is not effected. New York Life Insurance Co. v. Murtagh, 137 La. 760, 69 So. 165.

■ The insured's notice of change of beneficiary was regular in form, and it was mailed to and received by the insurance company prior to the insured's death. But that of itself was not sufficient to effect the change of beneficiary. Under the terms of the policy something more was required to be done; namely, the insurer's indorsement of the change of beneficiary upon the policy itself. No such indorsement was made by the insurer.

■ Upon the death of Clesi, the insured, the rights of his wife, Mrs. Madlyn Clesi, the original beneficiary, became fixed, and could not be affected by any subsequent acts of the insurance company. New York Life Insurance Company v. Murtagh, 137 La. 760, 69 So. 165.

■ In support of the proposition that the provision in the policy as to the method of effecting the change of beneficiary was one for the benefit of the insurance company only, and that the company could waive the benefit either expressly or impliedly, Mrs. Nina Clesi, the appellant, cites three decisions of the United States Circuit Court of Appeals, Fifth Circuit. These decisions are Arrington v. Grand Lodge, 21

F.2d 914, a Georgia case, Holt v. Russell, 30 F.2d 597, a Mississippi case, and Sbisa v. Lazar, 78 F.2d 77, 78, a Louisiana case.

In Sbisa v. Lazar, the court, citing Arrington v. Grand Lodge and Holt v. Russell, stated that the provision in the policy as to the method of change of beneficiary was for the protection of the insurer only, and that the insurer waived the provision by filing a bill of interpleader and depositing the amount of the policy in the registry of the court. But that statement was not necessary to the decision. The suit grew out of a divorce suit between Dr. E. E. C. Pollock and Julia L. Pollock, in which the judgment rendered fixed the title to a certain insurance policy in Dr. Pollock and ordered Mrs. Pollock, the named beneficiary, in whose possession it was, to indorse her waiver of any interest in and deliver the policy to Dr. Pollock. See Pollock v. Pollock, 164 La. 1077, 115 So. 275 and State ex rel. v. Equitable Life Assurance, 167 La. 342, 119 So. 71. Notwithstanding this judgment, Mrs. Pollock succeeded in withholding the policy from Dr. Pollock. Upon the death of Dr. Pollock, the administrator of his succession and Mrs. Pollock filed opposing claims to the proceeds of the policy in the United States District Court for the Eastern District of Louisiana. The insurance company, disclaiming any interest in the controversy, deposited the amount of the policy in the registry of the court. Upon judgment being rendered by the District Court, an appeal was taken to the United States Circuit Court of Appeals for the Fifth Circuit.

The title of Dr. Pollock to the insurance policy having been fixed and Mrs. Pollock having been ordered by decree of a competent court to indorse her waiver of interest and turn over the policy to Mr. Pollock, the real issue in the case of Sbisa v. Lazar was whether Mrs. Pollock could defeat the rights of Dr. Pollock's heirs by willfully withholding the policy from Dr. Pollock so that he was never able to send it to the insurance company to have the name of the beneficiary changed. The court held that she could not, and, in so holding, used the following language, viz.:

"Mrs. Pollock's name, it is true, still remains indorsed on the policy as beneficiary, but that is so only because Dr. Pollock, with the aid of the court, was never able to get possession of the policy so that he could send it to the insurance company and have the name of the beneficiary changed. The policy stands as though no beneficiary had been named, and is therefore payable to the administrator of the insured for the benefit of the heirs. Appellees can hardly say with straight faces that appellants ought to be defeated for the reason that Dr. Pollock failed to send in the policy to the home office of the company and have the name of a new beneficiary indorsed on it."

Hence, Sbisa v. Lazar is not quite appropriate here. And whatever may be the effect of the decisions in Arrington v. Grand Lodge and Holt v. Russell, they are not controlling of the issues involved in this case.

We do not mean to hold, and we do not hold, that the provision in an insurance policy fixing the manner in which the beneficiary may be changed cannot be waived by the insurance company before the death of the insured. Circumstances might arise where it would be advisable for the company to do so. But we do mean to hold, and we do hold, that no such waiver can take place after the insured's death, when the rights of the original beneficiary or beneficiaries have become vested.

 We do not find anything unusual in the conduct of Mrs. Madlyn Clesi in failing to immediately comply with the request of her husband that she turn over the policy to him. There was no fraud perpetrated by her. She was the wife of the insured, and the funds used to pay the premiums and to repay the loan on the policy were community funds. She probably knew her husband's condition and that he had only a short time to live, and it was only natural that she did not wish to be displaced as beneficiary. However, after only a few days' delay, she complied with her husband's request and turned the policy over to him. Her act has been construed as an acquiescence on her part in the attempt of her husband to change the beneficiary, and has been formally pleaded as an estoppel against her right to claim the proceeds of the policy. We have been referred to no authority and have found none which would justify us in maintaining the plea.

For the reasons assigned, the judgment appealed from is affirmed.

HIGGINS, J., absent.