SAVOY, Judge.
Plaintiff instituted this action against defendant to recover the sum of $5,000, together with penalties on a group life in *36 surance policy issued to Hotel Bentley Company, Inc., by defendant covering its employees, one of whom was Coleman J. Hudson, Sr.
The district court held that there was no coverage under the group policy at the time of the death of plaintiffs’ father, Coleman J. Hudson, Sr. From this judgment, plaintiffs have appealed to this Court.
This action is a companion suit to and was consolidated for trial with the case of Erion as Administrator of the Estate of Hudson v. Travelers Insurance Company, 128 So.2d 38.
The facts of the case are not in dispute and are substantially as follows:
Coleman J. Hudson, Sr., was formerly the Manager of Hotel Bentley in Alexandria, Louisiana, said hotel being owned by Hotel Bentley Company, Inc. During the time of Mr. Hudson’s employment with the hotel, the Travelers Insurance Company insured the lives of all Hotel Bentley employees under a group policy. Mr. Hudson was covered under a certificate for $5,000 under this policy. His two children, plaintiffs herein, were named as beneficiaries under this group insurance. The group policy contained a conversion privilege upon an employee leaving the employ of the Bentley Hotel. This clause read as follows:
“Employee’s Individual Certificate and Conversion Privilege: — The Company will issue to the employer for delivery to each employee whose life is insured hereunder an individual certificate setting forth a statement as to the insurance protection to which he is entitled, to whom payable, and containing provision to the effect that in case of the termination of the employment for any reason whatsoever the Employee shall be entitled to have issued to him by the Company without further evidence of insurability, and upon application made to the company within thirty-one days after such termination of employment and upon the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance, in any one of the forms customarily issued by the Company, except term insurance, in an amount equal to, or, at the option of the employee, less than the amount of the Employee’s protection under this policy at the time of the termination of his insurance. The issuance of such policy shall be a conversion of the employee’s insurance hereunder and shall as of the effective date and hour of the insurance under such individual policy, immediately and automatically terminate and cancel any insurance of the employee hereunder then in force.”
Aware that his employment would terminate on November 15, 1956, Mr. Hudson, on November 7, 1956, made application with the Travelers Insurance Company to have his insurance converted to an individual policy. The first year’s premium was sent with the application. The application contained the following provision:
“I hereby agree for myself and for any person who may have or claim an interest in any contract which may be issued upon this application, as follows : A. That every statement herein above contained is true; and that the contract issued hereupon shall not take effect unless the first. premium shall be actually paid to the Company during my lifetime upon or before delivery of the contract. B. That my acceptance of any contract issued on this application shall constitute a ratification by me of any corrections, additions or changes made by the Company and noted in the space provided ‘For Home Office Indorsement, Only’ upon my written consent thereto. C. That by acceptance of any contract issued on this application I hereby relinquish all rights to privileges and benefits under Group Life Policy No. *37 G8869A insuring my life under Cert. No. 2 as an employee of Hotel Bentley, my active employment with such employer having ceased on Nov. 15, 1956. D. That no agent can make, alter or discharge any contract issued on this application or extend the time for payment of premiums on such contract, nor can such contract be varied or altered or its conditions waived or extended in any respect except by the written agreement of the Company, signed by the president, or one of the Vice-Presidents or Secretaries whose authority will not be delegated.”
Under the provisions of the group policy Mr. Hudson was covered for 31 days beyond the termination of his employment. When the Travelers. Insurance Company received the application for conversion, it executed a converted policy on November 23, 1956. This policy named Mr. Hudson’s wife, Mrs. Blanche C. Hudson, as beneficiary in accordance with the instructions given by Mr. Hudson in the application which he made to convert the policy. The contract date of this converted policy was December 17, 1956. The converted policy was never delivered because Mr. Hudson died on November 25, 1956.
After the death of Mr. Hudson, payment was not made to the beneficiary named in the original group policy because Mrs. Hudson was also making a claim contending that she was entitled to the proceeds of the insurance.
Mrs. Blanche C. Hudson died shortly thereafter and an administrator was appointed to administer her estate.
Upon the failure of the insurance company to pay plaintiffs herein, suit followed with the results as stated above.
The Travelers Insurance Company takes the position that it is stakeholder and it is willing to pay the proceeds of the amount owed because of the death of Mr. Hudson to the party or parties which this Court determines is the proper one to receive said monies. It filed a concursus proceeding in the case of Erion, Administrator of the Estate of Hudson, v. Travelers Insurance Company, supra, and deposited $5,000 in the Registry of the Court.
The contention of plaintiffs is that the original group certificate was in effect on Mr. Hudson at the time of his death, since the individual policy provided that it would take effect on December 17, 1956, which was 31 days after termination of the insured’s employment.
On the other hand the administrator of the estate of Mrs. Blanche C. Hudson contends that the individual or converted policy went into effect immediately upon its issuance, thereby cancelling the group certificate which it had replaced. He contends in the alternative that even if the insurance had not been converted, the application for conversion was sufficient to effect a change of beneficiary during the remainder of its term.
In support of his position, counsel for plaintiffs cited the following cases: Giuffria v. Metropolitan Life Insurance Co., 188 La. 837, 178 So. 368; Citizens Bank v. Knight, et al., 15 La.App. 62, 130 So. 270; Douglass v. Equitable Life Assurance Society, 150 La. 519, 90 So. 834; and New York Life Insurance Company v. Murtagh, 137 La. 760, 69 So. 165.
Counsel for plaintiffs states in his brief that in the group conversion transmittal letter sent by the home office of the Travelers Insurance Company it was stated that the converted policy was not to be delivered prior to its effective date. The cases cited above by counsel for plaintiffs have to do with the change of beneficiary in an insurance policy. The courts in the above cases held that the provisions of an insurance policy are the law of a contract and its express provisions control. This Court is of the opinion that the letter of transmittal is not a part of the contract, and consequently, the cases cited above are not applicable to the case at bar.
Counsel for the administrator of the estate of Blanche C. Hudson, in the case of *38 Erion, Administrator of the Estate of Hudson v. Travelers Insurance Company, supra, in support of his position cited the cases of Chapman v. Mutual Life Insurance Company, 146 La. 658, 83 So. 887, and Coci v. New York Life Insurance Company, 155 La. 1060, 99 So. 871.
In the case of Chapman v. Mutual Life Insurance Company, supra, the application clause stated that the proposed policy should not take effect until the first premium had been paid. The agent for the defendant insurance company secured from plaintiff a note which he agreed to take in place of the first premium and remit from his own funds the amount of the premium, less his commission, to the company. The Court held that insofar as the defendant was concerned, the premium was paid on the date of the agent’s remittance, and the policy was declared to be valid and binding. The Court found that the insured was in good health when the premium was paid, and the fact that the insured was not in good health on the day the policy was handed to him did not invalidate same.
In the case of Cocí v. New York Life Insurance Company, supra, the Court held that where the insured was in good health when the policy was mailed from the home office, but not when received by the agent and delivered to him, delivery of the policy was held to be on the mailing thereof.
As stated before, each policy of insurance is a contract between parties and each individual policy has to be examined in determining the rights of the parties thereto.
In the employee’s individual certificate and conversion privilege in the group policy, there were two conditions attached which had to be complied with before the conversion could occur, namely, (1) that the applicant applied within 31 days after termination of his employment, and (2) the payment of the premium.
The conversion clause provided that the new policy would be issued without any evidence of insurability. The evidence shows that Mr. Coleman J. Hudson, Sr., exercised his option under the conversion privilege clause within 31 days after the termination of his employ with the Bentley Hotel. Since he also paid the first premium as fixed for the new policy by the defendant insurance company, there was nothing left for the insurance company to do but to issue the policy for it to become effective.
It is the opinion of this Court that when the policy was mailed from the home office of the Travelers Insurance Company on November 23, 1956, it became effective on that date, and that since Mrs. Blanche Canada Hudson was named as beneficiary in that policy, she was entitled to the proceeds of said insurance policy, and upon her death the amount of money owing to her under the policy belonged to her succession.
For the reasons assigned, the judgment of the district court is affirmed at plaintiffs’ costs.
Affirmed.
On Application for Rehearing.
Rehearing denied, en Banc.