CHASEZ, Judge.
Plaintiff, American National Insurance Company, filed this concursus proceeding, naming as defendants two rival claimants to proceeds of a $3000 life insurance policy issued on the life of Epifanio F. Roppolo. The policy proceeds were deposited in the registry of Court.
In the original policy, issued June 3, 1964, the insured named his daughter, Mrs. Angela Ramon (erroneously designated in the policy as Angela Rabin), as first beneficiary and Mary Purpe, his aunt, as second beneficiary.
On January IS, 1967, Roppolo executed a form supplied by plaintiff insurer on which he requested his first beneficiary be changed from Angela Ramon to Mary Purpe.
On January 18, 1967 the form was received in the home office of plaintiff insurer in Galveston, Texas and on that same date Roppolo died.
On January 19, 1967, the change was recorded on the books of the plaintiff insurer.
Both defendants filed answers wherein they asserted the circumstances under which each felt she was entitled to the proceeds of the policy and then both filed motions for summary judgment, in which each urged that as a matter of law under the contract of insurance, each claimant was the lawful primary beneficiary of the decedent. The pertinent provision of the policy reads:
“CHANGE OF BENEFICIARY. Subject to the rights of any assignee or irrevocable beneficiary, the beneficiary may be changed by the owner at any time while the insured is living by filing written request at the Company’s Home Office in a form satisfactory to the Company. No such change will take effect until recorded by the Company at its Home Office. However upon being so recorded, any such change will take effect as of the date the request was signed, whether or not the insured is living when the change is recorded, subject to any payment made by or other action taken by the Company before such recording.”
The trial court rendered summary judgment awarding the proceeds of the policy to the daughter Angela Ramon, the original beneficiary. He reasoned that the rights of this claimant vested when the insured died on January 18th and the change in beneficiary was not accomplished until the change in beneficiary was recorded in plaintiff’s records on January 19, 1967.
In written reasons for judgment the trial court concluded that under the decision of Giuffria v. Metropolitan Life Insurance Company, 188 La. 837, 178 So. 368, the right of Mrs. Ramon to the proceeds vested when her father died and the insurance company could not divest her of her interest by any action taken after her father’s death.
From this judgment the rival claimant, Mary Purpe, appealed. Appellant argues that the language of the policy provides the change in beneficiary is valid once the insured has complied with all requisites in the contract to make the change. Appel-lee’s position is substantially that stated by the trial judge in written reasons for judgment.
In the Guiffria decision, the court first stated the agreement between insurer and insured would be enforced as the law of the contract. It then based its result on its interpretation of the disputed clause in the contract.
The “change of beneficiary” provision in the Guiffria contract stated that no *394 change would be effective until it was endorsed on the policy at the home office. Thus, in addition to completing the form the company required, the insured, in addition, had to return the policy and the endorsement had to be entered on the policy itself. The facts of that case are that sometime after May 1, 1936, the insured asked his wife to bring him the policy in the hospital. She complied with this request on May 5, 1936. The next day the insured’s attorney delivered the policy to the insurer’s New Orleans office. That same day the form requesting change of beneficiary was received in the Home Office in New York. The insured died May 7, 1936; therefore, the policy was never forwarded to the Home Office.
The Supreme Court concluded that the insured in the Guiffria contract did not comply with the requisites in his policy to effect a valid change in beneficiary since the policy was not delivered to the home office.
In the instant case, however, the “change of policy” provision differs. The policy simply requires that the written request be filed in the Home Office while the insured is living. It further states the change shall not take effect until it is recorded, and then, the change will be effective as of the date the request was signed. The clause further provides the change of beneficiary is effective as of the date the request was signed, • whether or not the insured is living when the change is recorded.
If we were to conclude that the insured must be alive when the company records the change of beneficiary, we would in effect invalidate the provision of the contract to the effect that the insured need not be alive when the change of beneficiary is recorded.
In our view the contract clearly sets forth the requisite for a valid change of beneficiary and it is simply this: A form approved by the company must be filed or received in the home office while the insured is alive. Apparently both claimants agree that the form reached the Galveston home office on the same day the insured died, i. e., January 18, 1967, but the record contains no evidence to establish whether the form reached the Galveston office before the insured died. Therefore, we conclude there is a material fact at issue.
We therefore conclude the summary judgment was improvidently issued and the matter should be remanded for trial on the merits.
In so doing, we do not limit the litigants to introduction of evidence on the narrow issue outlined hereinabove. One claimant, Mrs. Ramon, alleged in her answer that her rival claimant persuaded the insured to execute the change of beneficiary form by misrepresenting it to be an application for a loan against the policy.
In a motion for a new trial, Mrs. Purpe set forth allegations of fact upon which she alleged a plea of equitable estoppel should lie. Because this cause must still be tried on the merits, we are of the opinion Mrs. Purpe is entitled to amend her pleadings to set forth an alternative cause of action and attempt to adduce proof thereof.
Our comment with respect to alternative grounds for claiming the policy proceeds urged by both litigants is not to be construed as a conclusion concerning the validity of either .alternative claim. We simply hold that both litigants are entitled to a trial on the merits on all issues and that Mary Purpe should be permitted to amend her pleadings -in conformity with LSA-C.C.P. Article 1154 permitting liberal amendment to pleadings.
For the reasons assigned, the judgment appealed from is affirmed insofar as it relieves the plaintiff insurer from any further liability in connection with the policy at issue, reversed insofar as it granted a summary judgment in favor of Mrs. Angela Ramon and remanded for a trial on the merits.
Affirmed in part; reversed in part; and remanded.