LEMMON, Judge.
This concursus proceeding involves two conflicting claims to the proceeds of a life insurance policy.
Southern Industries Corporation was the holder of a group policy issued by Pilot Life Insurance Company. The policy insured the life of Wilbert H. Vincent, an employee of the policyholder’s subsidiary corporation, and provided for payment of $5,000.00 to the named beneficiary in the event of Vincent’s death.
When Vincent originally became insured under the group policy, he designated his wife, Elizabeth Vantile (properly Van Tuyl) Vincent, as beneficiary. On October 18, 1968 Vincent executed a change of beneficiary form and designated as the new beneficiary Althea Vincent Salvaggio, his daughter by a previous marriage. Vincent died four days later on October 22, 1968.
The wife and the daughter each claimed the proceeds of the policy. Pilot Life therefore deposited the proceeds into the registry of court and invoked this con-cursus proceedings, citing both claimants.
Since there was no serious dispute as to any material issue of fact, Mrs. Elizabeth V. Vincent, the original beneficiary, moved for a summary judgment, claiming that she was entitled to the proceeds as a matter of law. That motion was denied. Thereafter Mrs. Althea V. Salvaggio, the new beneficiary, filed a similar motion, and a summary judgment was rendered in her favor. Mrs. Vincent has appealed.
*515 The pertinent policy provision reads:
“From time to time you may change your designation of beneficiary without notice to or consent of any previously designated beneficiary by giving written notice to Pilot Life, through the Policyholder, on a form furnished by or satisfactory to Pilot Life, whereupon an acknowledgment of the change will be furnished for attachment to your certificate. Such change shall take effect on the date you sign such written notice of change, whether or not you are living when the acknowledgment of the change is furnished, but without prejudice to Pilot Life on account of any payment made by it before acknowledgment of the change.” (Emphasis supplied.)
This provision simply requires the insured who wishes to change his designation of beneficiary to give written notice to the insurer, through the policyholder (employer), on a form provided by the insurer. It is here conceded that the proper form was used. In answer to interrogatories, Pilot Life stated that it received the change of beneficiary form from the policyholder by letter dated October 23, 1968.
Although no written reasons were assigned, the trial court implicitly held that the requirements of the policy for change of beneficiary had been met and that the change took effect on the date that the written notice was executed.
However, Mrs. Vincent contends that there is no evidence to establish the fact that the change of beneficiary form was transmitted to the policyholder on or before Vincent’s death on October 22. We believe that this is not a material fact in this case. The policy simply requires that written notice be given to the insurance company through the policyholder, and that fact was established. There is no requirement that the insured be still living at the time the notice is received by the policyholder or at any specific time after execution of the form.
The cases of Giuffria v. Metropolitan Life Ins. Co., 188 La. 837, 178 So. 368 (1938), and New York Life Ins. Co. v. Murtagh, 137 La. 760, 69 So. 165 (1915), cited by Mrs. Vincent, involved policies which provided that the change of beneficiary would not be effective until the endorsement of this change was made on the policy itself. The policy in the present case has no such requirement, and these cases are clearly inapplicable.
Mrs. Vincent further contends that the trial court erred in determining that the change of beneficiary became effective on the date of its execution although notice was not received by the insurer prior to Vincent’s death. She argues that the rights of the beneficiary became fixed upon the death of the insured. This is essentially a different approach to the same argument that was previously discussed. The insurance policy is the contract between the parties, and that contract clearly provides the effective date of any valid change of beneficiary is the date that the insured executes the change form. We conclude that the change was valid and became effective on October 18, 1968.
Although the argument is apparently abandoned on appeal, Mrs. Vincent contended in her answer that her husband was incompetent on October 18, 1968 to execute the change of beneficiary form. One of the witnesses to the execution of this document stated in an affidavit that he spoke to Vincent at length on that day, that Vincent was rational and in control of his mental faculties, and that Vincent expressed the desire to change the beneficiary. No opposing affidavits were filed.
We therefore conclude that the summary judgment was properly rendered, and the judgment is affirmed.
Affirmed.